## MINEGO v MEYER, Admr.

Ohio Appeals, 4th Dist, Scioto Co
Decided April 24, 1931

McLaughlin & Staker, Portsmouth, for Minego.

S. M. Johnson, Portsmouth, for Meyer, Admr.

**MAUCK, PJ.**

The evidence tends to show that the instrument sued on was found in a trunk of the decedent after her death. This is some evidence that it was the decedent's property, and inasmuch as the decedent was the mother of Louella Minego it is some evidence that the word mother referred to the decedent, and as the instrument was written in ink and the signature L. Mineg was in ink it is clear enough that the word mother related to Mrs. Minego's mother provided Mrs. Minego signed the paper in question. Whether Mrs. Minego signed the document was the fact in dispute for the jury's determination, and there was evidence to sustain the view that it was her signature. The evidence tends to show that sometime about the close of the World War Mrs. Hansen gave Mrs. Minego three hundred dollars, which the latter says was to be a present to the latter's husband. That claim can not be reconciled with the signature of Mrs. Minego to this contract if it be her signature, and as we have already indicated the finding of the jury that it was her signature can not be disturbed.

Complaint is made of the admission of testimony and some criticism is made of the charge to the jury. There is nothing of substance in these complaints. In fact, the trial court generously allowed the defendant the benefit of the fifteen years limitation upon a written instrument without such limitation having been pleaded by the defendant.

It is further urged that as the instrument in question is not a note, but at most a contract, consideration must be proved. But there is evidence of consideration. The jury may well have believed that the decedent gave to Mrs. Minego three hundrd dollars but did not believe the rest of the testimony in that behalf to the effect that it was a gift and not a loan. Moreover, the contract itself acknowledges that a consideration has been given, for when it recites that the signer owes the payee it admits an obligation. See definition of the word "owe" in Words and Phrases.

There is no error in the record prejudicial to the plaintiff in error and the judgment is affirmed.

MIDDLETON and BLOSSER, JJ, concur.